UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Lisa M. Carlson,

       Plaintiff,

v.

Valentine & Kebartas, Inc, and
Josh Ebert,

       Defendants.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' harassing and abusive attempt to collect from Plaintiff a debt they knew was not hers.

## PARTIES

2. Plaintiff Lisa M. Carlson is natural person who resides in the city of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant Valentine & Kebartas, Inc, ("VKI") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Defendant Josh Ebert ("Ebert") is a natural person employed by Defendant VKI and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. Defendants confused Plaintiff with another person named Lisa Carlson.

8. Defendants attempted to collect on a debt allegedly owed originally to CitiFinancial Inc.

9. The debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Plaintiff was not responsible for the debt.

11. On January 4, 2011, Defendant VKI, through Defendant Ebert telephoned Plaintiff and attempted to collect the debt from Plaintiff.

12. Plaintiff had previously thoroughly explained to VKI that she had been confused with another Lisa Carlson with a similar Social Security Number.

13. When Ebert called, Plaintiff tried to explain again that she had been confused with another Lisa Carlson with a similar Social Security Number.

14. Ebert would not listen to Plaintiff.

15. Ebert yelled at Plaintiff.

16. Ebert told Plaintiff that what she was saying was not possible.

17. Ebert said there was no way he could have a wrong telephone number for the real debtor.

18. Ebert made sarcastic comments to Plaintiff.

19. Ebert treated Plaintiff as if she were lying.

20. Ebert kept Plaintiff on the telephone for about forty minutes.

21. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation emotional distress.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(2), 1692e, 1692e(2), 1692e(7), 1692e(10), 1692f, and 1692f(1)

23. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24. Defendants foregoing actions and omissions in connection with their attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA,

including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

25. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages not limited to emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

26. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Phoenix $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT II:
## NEGLIGENCE

27. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

28. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

29. As a result of Defendants' negligence, Plaintiff has suffered actual damages including without limitation emotional distress.

## COUNT III:
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

31. Defendants intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion and/or private concerns or affairs.

32. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

33. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns or affairs.

34. The intrusions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, Plaintiff has suffered actual damages, including emotional distress.

## WHEREFORE,

Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

    d.) Such other and further relief as may be just and proper.

Dated: _____12/22/11_____

**GOOLSBY LAW OFFICE, LLC**

By: _____s/John H. Goolsby_____
John H. Goolsby, #0320201
2701 University Avenue SE, Suite 209
Minneapolis, MN 55414
Telephone: (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**